UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-5034-

PARADISE CREATIONS, INC., a Florida
corporation, LEON HAYDUCHOK, and
LEOPOLD STRAUSS,

    Plaintiffs,

v.

STROOCK & STROOCK & LAVAN, LLP.,
a foreign limited liability partnership, and
STEVEN B. POKOTILOW,

    Defendants.
_____/

CIV-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b) and 1446(a), defendants Stroock & Stroock & Lavan LLP and Steven B. Pokotilow file this notice of removal and state:

1. Plaintiffs commenced this action against defendants in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where it was assigned Case No. 01-27094 CA (25).

2. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because one or more claims asserted in the complaint arise under the patent laws of the United States and require the resolution of substantive questions of federal patent law involving the validity, scope or infringement of a United States patent.

3.  This notice of removal is filed within thirty days after service of the summons and complaint on both defendants.

4.  Copies of all process, pleadings and papers served on Defendants are attached hereto as Composite Exhibit A.

5.  A copy of this notice of removal will be filed with the Circuit Court of the Eleventh Judicial Circuit promptly after its filing in this Court.

Dated: December 17, 2001

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Pro Se & As Attorneys for Steven Pokotilow
200 South Biscayne Boulevard
3300 First Union Financial Center
Miami, Florida 33131-2385
Telephone: (305) 358-9900
Facsimile: (305) 789-9302

By: _____
Richard B. Simring
(Florida Bar No. 890571)
Rsimring@stroock.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile and U.S. mail this 17th day of December, 2001, on **Kenneth L. Minerley, Esq.**, Bloch & Minerley, P.L., Attorneys for Plaintiffs, 980 N. Federal Highway, Suite 412, Boca Raton, Florida 33432.

_____
Richard B. Simring

SSL-MIA 30093242v1

2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: **01-27094** CA 25

GENERAL JURISDICTION DIVISION

PARADISE CREATIONS, INC.,
a Florida corporation, LEON HAYDUCHOK,
and LEOPOLD STRAUSS,

        Plaintiffs,

vs.

STROOCK & STROOCK & LAVAN, LLP.,
a foreign limited liability partnership, and
STEVEN B. POKOTILOW,

        Defendants.
_____/

*CORPORATE SUMMONS*

11.3001
11.30 AM
© M. A.
Fernandez
Partner
N.B. L28



· TO DEFENDANT:

**STROOCK & STROOCK & LAVAN LLP**
**by serving its Registered Agent:**

**Harvey Brown**
**c/o Stroock & Stroock & Lavan LLP**
**200 S. Biscayne Blvd**
**Suite 3300**
**Miami, FL**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the Plaintiff's attorney named below.

Kenneth L. Minerley, Esq.
Florida Bar No. 521840
980 N. Federal Highway, Suite 412
Boca Raton, FL 33432

**EXHIBIT A**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestarla demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta , al mismo tiempo en que presenta su respuesta ante el tribunal,debera usted enviar por correo o entregar una copia de su respuesta denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante.)

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

DATED ON _____NOV 1 3 2001_____.

                                                    Harvey Ruvin
                                                   As Clerk of Court
                                        By: **HATTIE STREETER**
                                                   Deputy Clerk

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: **01-27094** CA 25

GENERAL JURISDICTION DIVISION

PARADISE CREATIONS, INC.,
a Florida corporation, LEON HAYDUCHOK,
and LEOPOLD STRAUSS,

Plaintiffs,

vs.

STROOCK & STROOCK & LAVAN, LLP.,
a foreign limited liability partnership, and
STEVEN B. POKOTILOW,

Defendants.
_____/

## COMPLAINT

Plaintiffs, Paradise Creations, Inc. ("Paradise Creations"), Leon Hayduchok ("Hayduchok"), and Leopold Strauss ("Strauss"), by and through their undersigned counsel, sue Defendants, Stroock & Stroock & Lavan, LLP. ("Stroock"), a foreign limited liability partnership qualified to do business in Florida, and Steven B. Pokotilow ("Pokotilow"), and allege as follows:

1. This is an action for damages in excess of $15,000.00, which is within the subject matter jurisdiction of this Court.

2. Paradise Creations is a Florida corporation which has its principal place of business in Palm Beach County, Florida.

3. Hayduchok is a resident of the State of New Jersey.

Case 1:01-cv-05034-UU   Document 1   Entered on FLSD Docket 12/18/2001   Page 6 of 14

Paradise Creations, Inc., et. al. v. S' & Stroock & Lavan, L.P., et. al.

Page 2

4. Strauss is a resident of the State of Florida.

5. Stroock is a limited liability partnership engaged in the practice of law. Stroock was formed in New York and is qualified to do business in the State of Florida. Its principal office in the State of Florida is located in Miami-Dade County. Stroock is the successor in interest of Stroock & Stroock & Lavan, a general partnership in the State of New York.

6. Pokotilow was a partner of Blum & Kaplan, a general partnership in the State of New York, which was acquired by Stroock & Stroock & Lavan, for which Stroock became the successor in interest.

7. Pokotilow is a partner in Stroock or he is an authorized agent or employee. He was also a partner in Stroock & Stroock & Lavan, a general partnership. Pokotilow is being sued individually and as a partner in Stroock & Stroock & Lavan and Stroock. At all times Pokotilow was acting on behalf of Stroock in the course and scope of his employment.

8. This Court has jurisdiction over Pokotilow pursuant to §§ 48.061, 48.181, and 48.193, Fla. Stats., because Pokotilow is a partner in Stroock, and he is engaged in substantial and not isolated activity within this state, through his partnership in Stroock and his frequent personal appearance in this state for purposes of conducting Stroock's business in this state.

9. Hayduchok and Strauss are the inventors of a kit comprised of multi-colored fluid dispenser markers, together with eradicating fluid dispenser stamps and a stamp pad. Hayduchok and Strauss obtained a patent for this invention from the United States Patent Office. Patent Number 4,681,471, issued on July 21, 1987 ("Patent").

10. The assignee of this patent was All-Mark Corporation, Inc., a New Jersey corporation, which has been dissolved and is no longer in existence.

Case 1:01-cv-05034-UU   Document 1   Entered on FLSD Docket 12/18/2001   Page 7 of 14
Paradise Creations, Inc., et. al. v. Stroock & Stroock & Lavan, L.P., et. al.
Page 3

11. Paradise Creations holds an irrevocable, exclusive worldwide license for the use of the Patent from Hayduchok and Strauss.

12. Paradise Creations, Hayduchok, and Strauss, are all the entities/persons who have an interest in the Patent.

13. On or about September, 1990, Paradise hired Pokotilow and his firm, Blum & Kaplan in New York, NY, pursuant to a verbal agreement, to provide all legal services for agreed upon fees necessary for the protection and enforcement of its rights by virtue of its assignment of the Patent. As part of his representation and Blum & Kaplan's representation, Pokotilow commenced several lawsuits against various entities for infringement of the Patent.

14. In addition, Pokotilow and his law firm initiated correspondence to different entities regarding their infringement of the Patent. Pokotilow and his law firm were retained to take all necessary actions to ensure that Paradise's interest and rights in the Patent were protected, so as to avoid any infringement by third parties.

15. In or about January 3, 1994, Pokotilow and Blum & Kaplan joined Stroock's predecessor, Stroock & Stroock & Lavan, in New York City, NY. Pursuant to a verbal agreement, Pokotilow and Stroock were retained to take all actions necessary to preserve, enforce and protect the Patent. This included handling litigation against those parties who are infringing on the Patent, and ensuring the payment of all necessary fees including patent maintenance fees.

16. Pokotilow, and Stroock initiated several lawsuits including, Paradise Creations, Inc. v. Walgreens, Inc., Civil Action Number 93 CIV 2392, United States District Court, Southern District of New York, Paradise Creations, Inc. v. Westminster, Inc., Civil Action Number 99-8692, Judge Moreno, United States District Court Southern District of Florida, West

Palm Beach Division, Paradise Creations, Inc. v. DRI Mark Products, Inc., Civil Action Number 93 CIV 3196, United States District Court, Eastern District of New York, Penteck International, Inc. v. Leon Hidacheck, et. al., Allmark Corporation, Inc. and Paradise Creations, Inc. v. Penteck International, Inc., et. al., Civil Action Number 87 CIV 7233 (KDD), United States District Court, Southern District of New York, Paradise Creations Meijer, Inc., Case Number: 1:99 CV 315, United States District Court for the Western District of Michigan, and Paradise Creations, Inc. v. Robertas, Inc. and Ernest Wallien, Civil Action Number: 99 CIV 9305 (SHS), United States District Court for the Southern District of New York.

17. Pursuant to the applicable Patent Law, a maintenance fee was due on January 23, 1995, to prevent the Patent from expiring. The maintenance fee could have been paid during the period from July 21, 1994, through July 21, 1995. If the maintenance fee was not paid on time, the Patent would expire at midnight on July 21, 1995.

18. The Patent expired on July 21, 1995, for failure to pay the maintenance fee. This occurred at the same time Stroock and Pokotilow were representing Paradise in a significant patent enforcement action against Penteck International, Inc.

19. Thereafter, on July 16, 1997, Stroock, through Pokotilow, petitioned the United States Patent Office to Accept Unintentionally Delayed Payment of Maintenance Fee ("the Petition"). Stroock under Pokotilow's supervision prepared the Petition with the wrong patent number.

20. After filing the Petition, with the wrong patent number, neither Pokotilow, nor anyone else at Stroock undertook to follow up on the status of the Petition. It was not until on or

Case 1:01-cv-05034-UU   Document 1   Entered on FLSD Docket 12/18/2001   Page 9 of 14

Paradise Creations, Inc., et. al. v. Stroock & Stroock & Lavan, L.P., et. al.
Page 5

about December 21, 1998, that they realized that the Petition had not been granted or acted upon, when they were informed by a licensee of Plaintiff that the Patent lapsed.

21. On December 21, 1998, Stroock filed a request for expedited treatment of the Petition.

22. On January 25, 1999, the Petition was granted, and the Patent was reinstated as of January 25, 1999.

23. As a result, the Patent was invalid from July 21, 1995, through January 25, 1999.

24. On September 17, 1999, Stroock filed a Petition to Retroactively Reinstate Patent (the "Retroactive Petition").

25. In the Retroactive Petition, Stroock sought to have the reinstatement date of the Patent changed from January 25, 1999, to August 13, 1997, the date the U.S. Patent and Trademark Office processed the maintenance and surcharge fee.

26. On January 11, 2000, the Retroactive Petition was denied by the U.S. Patent and Trademark Office.

## COUNT I

27. Plaintiffs reallege and affirm paragraphs 1 through 26, as if fully set forth.

28. Paradise, on behalf of itself and the interests of Hayduchok and Strauss, retained Stroock and Pokotilow.

29. The Plaintiffs relied upon Stroock to represent them in connection with the protection and enforcement of the Patent.

30. Defendants undertook to represent the Plaintiffs and take all actions necessary for them to protect and enforce the Patent.

Case 1:01-cv-05034-UU   Document 1   Entered on FLSD Docket 12/18/2001   Page 10 of 14
Paradise Creations, Inc., et. al. v. St    & Stroock & Lavan, L.P., et. al.
Page 6

31.     Once undertaking to represent the Plaintiffs, the Defendants had a duty to use reasonable care to protect the Plaintiffs' rights and interests in the Patent.

32.     Included in this duty to use reasonable care, was the duty to have a system in place whereby the due dates for maintenance fees for patents would be maintained and clients, including the Plaintiffs, would be notified of the due date of the filing of maintenance fees and informed and advised of these requirements. Defendants breached this duty, by failing to have a system whereby patent maintenance fees were calendared, so as to inform clients, including clients such as the Plaintiffs, of the need to file maintenance fees and the date the maintenance fees were due or Defendants failed to utilize such a system if one existed for the Plaintiffs. Defendants further breached this duty by failing to advise Plaintiffs of the need to file the maintenance fee.

33.     As a direct and proximate result of Defendants' failure to exercise reasonable care, the Plaintiffs were damaged, in that their Patent was unenforceable from the period July 21, 1995 through January 25, 1999 ("Expiration Period").

34.     As a direct and proximate result of this breach of care, Plaintiffs have been damaged, in that during the Expiration Period, third parties were infringing upon the Patent held by Plaintiffs that otherwise would have been enforceable, but for the failure to file the maintenance fee.

35.     As a result, Plaintiffs could not enforce their Patent against such entities as U.V. Sales, Inc., which infringed upon the Patent both before, during, and after the Expiration Period.

Case 1:01-cv-05034-UU Document 1 Entered on FLSD Docket 12/18/2001 Page 11 of 14
Paradise Creations, Inc., et. al. v. Stroock & Stroock & Lavan, L.P., et. al.
Page 7

36. In addition, Plaintiffs have been damaged, in that they advised by Stroock and Pokotilow to reduce a licensing fee with an entity known as Roberta's, as a result of them not having a valid patent during the Expiration Period.

37. In addition, other entities such as Q.V.C., were able to purchase products which infringed upon the Patent to the detriment of the Plaintiffs, because the Patent was unenforceable during the expiration period.

38. As a direct and proximate result of Defendants' negligence, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs, Paradise Creations, Inc., Leon Hayduchok, and Leopold Strauss, demand judgment against Defendants, Stroock & Stroock & Lavan, LLP, and Steven B. Pokotilow, jointly and severally, for damages, costs, and interest.

## COUNT II

39. Plaintiffs reallege and affirm paragraphs 1 through 26, as if fully set forth.

40. Upon discovering that the maintenance fee on the Patent had not been paid, and the Patent was no longer enforceable, Stroock, through Pokotilow, either directly or under his supervision, filed a the Petition with the United States Patent Office.

41. This Petition was prepared with the wrong Patent number. As a result, the Petition was not processed. It was not until on or about December 21, 1998, that Defendants realized that the Petition had not been granted or otherwise acted upon. On December 21, 1998, Defendants filed a request for expedited treatment, and on January 25, 1999, the Petition was granted.

42. In preparing and filing the Petition, Defendants were under a duty to use reasonable care in its preparation and filing.

Case 1:01-cv-05034-UU Document 1 Entered on FLSD Docket 12/18/2001 Page 12 of 14
Paradise Creations, Inc., et. al. v. St    & Stroock & Lavan, L.P., et. al.
Page 8

43. Defendants failed to use reasonable care, in that they prepared a Petition which contained a wrong Patent number. This error caused the United States Patent Office not to process the Petition. In addition, Defendants failed to use reasonable care, in that they failed to follow up with the United States Patent Office to determine the status of the Petition.

44. It was not until on or about December 21, 1998, that Defendants realized that the Petition had not been processed. On December 21, 1998, Defendants filed a request for expedited treatment. On January 25, 1999, the Petition was granted.

45. The Defendants' failure to have the correct patent number and to follow up with the United States Patent Office to determine the status of the Petition, was a failure to use reasonable care in the handling of the Petition.

46. As a direct and proximate result of Defendants' failure to use reasonable care in the handling of the Petition, Plaintiffs were damaged, in that the Patent was unenforceable for 15 months longer than it otherwise should have been.

47. As a direct and proximate result of this delay, Plaintiffs were damaged, because they were unable to enforce their Patent against third party infringers, including U.V. Sales, Inc. They were forced to reduce royalties paid by Roberta's, because of the unenforceability of the Patent for this extended period of time. They were unable to enforce the Patent against other third parties such as Q.V.C., who bought the product during the period of time that the Patent was unenforceable.

WHEREFORE, Plaintiffs, Paradise Creations, Inc., Leon Hayduchok, and Leopold Strauss, demand judgment against Defendants, Stroock & Stroock & Lavan, LLP, and Steven B.

Case 1:01-cv-05034-UU Document 1 Entered on FLSD Docket 12/18/2001 Page 13 of 14

Paradise Creations, Inc., et. al. v. S  : & Stroock & Lavan, L.P., et. al.
Page 9

Pokotilow, jointly and severally, for damages, costs, and such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury for all actions so triable.

BLOCH & MINERLEY, P.L.
Attorneys for Plaintiff
980 N. Federal Highway, 412
Boca Raton, FL 33432
Telephone: (561) 362-6699
Fax: (561) 447-9884

By: _____
Kenneth L. Minerley
Florida Bar No. 521840

# CIVIL COVER SHEET  01-5034-

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED BY _____ D.C.

CIV-UNGARO-BENAGES

**I.(a) PLAINTIFFS**
Paradise Creations, Inc., a Florida corporation, Leon Hayduchok, and Leopold Strauss

**DEFENDANTS**
Stroock & Stroock & Lavan, LLP, a foreign limited liability partnership, and Steven B. Pokotilow

MAGISTRATE JUDGE BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-dade 01w 5034 Ungaro-Benages / Brown

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Kenneth L. Minerley, Esq. -- Fax: (561) 447-9884
Bloch & Minerley, P.L. - 980 N. Federal Hiway, #412
Boca Raton, FL 33432 - Phone: (561) 362-6699

ATTORNEYS (IF KNOWN)
Richard B. Simring, Esq. - Fax: (305) 789-9302
Stroock & Stroock & Lavan, LLP - 200 S. Biscayne Blvd.
#3300 - Miami, FL 33131 - Phone: (305) 358-9900

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl. Veterans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Malpractice in connection w/ patent application

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Unknown
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE 12/17/01
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
Richard B. Simring - Florida Bar No. 890571
$150.00   854858

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
12/17/01