UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-5034-CIV-UNGARO-BENAGES

PARADISE CREATIONS, INC., et al.,
    Plaintiffs,

vs.

STROOCK & STROOCK & LAVAN, LLP., et al.,
    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND**

FILED by _____ O.G.
FEB 19 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand, filed January 15, 2002.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. Plaintiffs filed this malpractice action in state court alleging Defendants (1) failed to advise Plaintiffs that they needed to pay a maintenance fee on their patent causing the patent to expire, and (2) negligently prepared and filed a Petition with the United States Patent Office to reinstate the expired patent. Plaintiffs allege that as a result of this negligence, Plaintiffs' patent was expired from July 21, 1994 through January 25, 1999, during which time third parties infringed upon the patent that otherwise would have been enforceable, causing Plaintiffs damage. Complaint ¶¶ 23, 32-34, 47. Specifically, Plaintiffs contend they could not enforce their patent against U.V. Sales, Inc. which infringed upon the patent before, during and after the expiration period. *Id.* ¶¶ 35, 47. In addition, Plaintiffs claim that because they did not have a valid patent during the expiration period, Defendants advised them to reduce their licensing fee with an entity known as Roberta's, causing damages. *Id.* ¶¶ 36, 47. Furthermore, Plaintiffs allege other entities such as Q.V.C. were able to purchase products which infringed upon the patent to the detriment of the Plaintiffs because the patent was unenforceable

during the expiration period. *Id.* ¶¶ 37, 47.

On December 17, 2001, Defendants removed this case on the ground that this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) because one or more claims asserted in the Complaint arise under the patent laws of the United States and require the resolution of substantive questions of federal patent law involving the validity, scope or infringement of a United States patent. Notice of Removal ¶ 2.

## LEGAL ANALYSIS

Plaintiffs argue this action should be remanded to state court because it involves a common law claim for legal malpractice and does not arise "under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The Supreme Court has established the following two-part test to determine jurisdiction under Section 1338(a):

> [Section] 1338(a) jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). "Thus, section 1338(a) gives district courts jurisdiction over causes of action created by federal patent law and causes of action whose resolution depends on a substantial question of federal patent law." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993).

"Under Florida law, a cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of the loss to the client." *Alvarez v. Alvarez*, 224 F.3d 1273, 1276 (11th Cir. 2000). As for the third element, the Plaintiffs must demonstrate that there is an

amount of damages that they would have recovered but for the attorney's negligence. *See Chipmman v. Chonin*, 597 So. 2d 363 (Fla. Dist. Ct. App. 1992). Defendants argue, and this Court concurs, that in order to satisfy the third element, Plaintiffs have to prove that (i) third parties were infringing the patent during the lapse period, (ii) the patent was otherwise valid and enforceable, and (iii) the plaintiff would have recovered damages from third party infringers "but for" Defendants' alleged failure to pay the maintenance fee. If there is no infringement during the expiration period, then Plaintiffs will not have proven damages by Defendants' alleged malpractice. The issue of whether an accused product infringes a patent depends on a substantial question of federal patent law. *Additive Controls & Measurement Sys., Inc.*, 986 F.2d at 478; *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000); *Scherbatskoy v. Halliburton Co.*, 178 F.3d 1312, 1999 WL 13377, at *4 (Fed. Cir. 1999).

In addressing the third element, Plaintiffs' Reply solely focuses on the loss of revenue it suffered by reducing the licensing fee with Roberta's. Plaintiffs' Complaint, however, also alleges that they were damaged when U.V. Sales infringed upon the patent and Q.V.C. purchased products which infringed upon the patent as a result of Defendants' negligence. Thus, it is apparent from face of Plaintiffs' Complaint that the resolution of Plaintiffs' common law malpractice claim will necessarily involve determining whether these products infringed on Plaintiffs' patent, a substantial question of federal patent law. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of February, 2002.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

3